IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

                Plaintiff,

v.

FBI and ALL OTHER POLICE,

                Defendants.

OPINION and ORDER

23-cv-221-wmc[1]

---

Pro se plaintiff Joseph Zloza alleges that he is being harassed by the FBI and by police in multiples states. Because he proceeds in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that Zloza's complaint must be dismissed, but I will allow him the opportunity to file an amended complaint that fixes the problems I describe in this order.

ANALYSIS

Zloza alleges that for the past three years, the FBI and "all police in multiple states" including Wisconsin, Utah, Washington, Kentucky, Indiana, and Michigan, have been sexually harassing him, attacking him, and threatening him at work and at school. Dkt. 1 at 2.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Although Zloza indicates that he is suing under federal law and seeks damages, his allegations are too conclusory and sparse to proceed in this court. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Zloza's complaint does not comply with Rule 8. Liability in a civil rights lawsuit "is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). But Zloza contends generally that "all police" are harassing and threatening him across several states. Zloza does not identify any individual police officer or specify what actions he or she took that injured him. There is no officer who can be served with the complaint, and no allegations beyond a reference to Zloza being spit on at some point at school that would provide notice to a defendant of what Zloza believes he or she did wrong as Rule 8 requires.

Zloza cannot proceed against the FBI either. There are no specific allegations against this defendant, and federal agencies cannot be sued for constitutional violations like individual federal officers can. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that there is no cause of action under *Bivens* against federal agencies).

I will dismiss the complaint, but I will allow Zloza an opportunity to file an amended complaint that fixes the problems I have described in this order. In drafting his amended complaint, Zloza must again use the court's nonprisoner complaint form, which I will send him

2

with his order. He should name everyone he wants to sue in the caption of the form, and provide enough factual detail to explain who they are and what actions each of them took that violated his rights. The amended complaint will act as a complete substitute for the amended complaint. As required by § 1915, I will screen only the allegations made and the claims presented in the amended complaint to determine whether they state a claim upon which relief may be granted. If Zloza does not file an amended complaint by the deadline indicated below, I will dismiss this case.

Finally, I note that this is Zloza's fifth lawsuit in less than three months, and I have dismissed the initial complaint in three of his cases, including this case, because the allegations were too sparse to state a claim. *See Zloza v. New Lisbon Police Dep't.*, No. 23-cv-59-wmc, Dkt. 6; *Zloza v. Chantix*, No. 23-cv-190-wmc, Dkt. 4. Zloza is by now aware that he will not be allowed to proceed on barebones and conclusory allegations and or those that do not identify individual defendants or provide notice of what he believes each defendant did wrong. Going forward, I will summarily dismiss any complaint Zloza files that has these same problems, and Zloza should not expect that he will always be allowed an opportunity to amend.

ORDER

IT IS ORDERED that:

1) Plaintiff Joseph Zloza's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2) Plaintiff may have until May 5, 2023, to file an amended complaint that corrects the deficiencies described in this order.

3) Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4) The amended complaint will act as a complete substitute for the amended complaint. The case will proceed on only the allegations made and claims presented in the amended complaint.

5) If plaintiff fails to respond by that deadline, I will dismiss this lawsuit.

6) It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

7) The court will summarily dismiss any future complaint plaintiff files that fails to comply with Federal Rule of Civil Procedure 8.

Entered April 14, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge